IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JASON SARAYUTH SENGTHAVYCHITH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 1:11-cr-00123-DN-2<br><br>District Judge David Nuffer |

Defendant Jason Sarayuth Sengthavychith seeks early termination of his supervised release.[1] Because Mr. Sengthavychith's probation officer and the Government do not object,[2] and because the circumstances of Mr. Sengthavychith's conduct and the interests of justice warrant the early termination of his supervised release, Mr. Sengthavychith's Motion[3] is GRANTED.

## BACKGROUND

On October 29, 2012, Mr. Sengthavychith plead guilty to one count of possession of marijuana with intent to distribute, a violation of 21 U.S.C. § 841(a)(1).[4] On February 14, 2013, Mr. Sengthavychith was sentenced to a prison term of 42 months and a 36-month term of supervised release.[5]

---

[1] Pro Se Motion for Early Termination of Supervised Release ("Motion"), docket no. 112, filed May 25, 2017.

[2] Report on Offender Under Supervision ("Report"), docket no. 112-1, filed May 25, 2017.

[3] Docket no. 112, filed May 25, 2017.

[4] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 79, filed Oct. 29, 2012.

[5] Judgment in a Criminal Case at 2-3, docket no. 96, filed Feb. 26, 2013.

Mr. Sengthavychith served his prison term until May 6, 2016, at which time his term of supervised release began.[6] Prior to initiating supervised release, Mr. Sengthavychith successfully completed six months in the residential reentry center and was approved for home confinement under the United States Bureau of Prisons due to his compliance.[7] Mr. Sengthavychith has competed over one year of his 36-month term of supervised release.[8]

On May 26, 2017, Mr. Sengthavychith filed a Motion requesting the early termination of his supervised release.[9] Mr. Sengthavychith's probation officer, Tony Maxwell, filed a Report indicating his support of the Motion and that he had reviewed the issue with Assistant United States Attorney David Backman, who indicated that the government does not object to the early termination of Mr. Sengthavychith's supervised release.[10]

## DISCUSSION

"The court may … terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"[11] In determining whether early termination of supervised release is warranted, the court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[12] These factors include:

---

[6] Report at 1, docket no. 112-1, filed May 25, 2017.

[7] *Id*.

[8] *Id*.

[9] Motion, docket no. 112, filed May 25, 2017.

[10] Report at 1, docket no. 112-1, filed May 25, 2017.

[11] 18 U.S.C. § 3583(e)(1).

[12] *Id.*; *see also United States v. Rosenkrantz*, 2009 WL 890623, at *1 (D. Utah Apr. 2, 2009).

2

- "the nature and circumstances of the offense and the history and characteristics of the defendant;"
- "the need for the sentence imposed … to afford adequate deterrence to criminal conduct;"
- "the need for the sentence imposed … to protect the public from further crimes of the defendant;"
- "the need for the sentence imposed … to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"
- "the kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]"
- "any pertinent policy statement[;]"
- "the need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct;" and
- "the need to provide restitution to any victims of the offense."[13]

Mr. Sengthavychith's criminal history includes the felony conviction from this case, a state felony conviction for receiving or transferring a stolen vehicle in 2004, and several state misdemeanor convictions—primarily relating to traffic violations, underage consumption of alcohol, and the possession of controlled substances.[14] However, since beginning the term of his supervised release, Mr. Sengthavychith has sustained gainful employment in cabinetry and has not exhibited any non-compliance.[15] His probation officer reports that he has never missed a random drug test, reports as directed, and has been cooperative in all interactions with the United States Probation Office.[16] As correctly noted by his probation officer, "[t]his is a contrast to his conduct in the underlying offense and his prior entries in to the criminal justice system."[17]

---

[13] 18 U.S.C. § 3553(a)(1), (2)(B), (2)(C), (2)(D), (4), (5), (6), (7).

[14] Presentence Report 8-10, docket no. 98, filed Feb. 27, 2013.

[15] Report at 1, docket no. 112-1, filed May 25, 2017; Motion, docket no. 112, filed May 25, 2017.

[16] Report at 1, docket no. 112-1, filed May 25, 2017; Motion, docket no. 112, filed May 25, 2017.

[17] Report at 1, docket no. 112-1, filed May 25, 2017.

Mr. Sengthavychith attributes his success to a conscious decision to reengage with family and the positive friends he associated with before his involvement with the criminal justice system.[18] Mr. Sengthavychith's probation officer has confirmed through collateral contact with Mr. Sengthavychith's parents that Mr. Sengthavychith has strong family support and is active in his community.[19]

Given these circumstances, and considering the factors of 18 U.S.C. § 3553(a) and that Mr. Sengthavychith's probation officer and the government do not object,[20] the early termination of Mr. Sengthavychith's supervised release is warranted by his conduct and the interest of justice. Accordingly, Mr. Sengthavychith's Motion[21] is GRANTED.

## ORDER

IT IS HEREBY ORDERED that Mr. Sengthavychith's Motion[22] is GRANTED.

IT IS FURTHER HEREBY ORDERED that the term of Mr. Sengthavychith's supervised release is terminated effective immediately.

Signed May 26, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[18] *Id*.; Motion, docket no. 112, filed May 25, 2017.

[19] Report at 1, docket no. 112-1, filed May 25, 2017

[20] *Id*.

[21] Docket no. 112, filed May 25, 2017.

[22] *Id*.